UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA,

    - against -

ADEL NAJJAR,

              Defendant.

------------------------------------------X

04 Cr. 965-02 (RWS)

SENTENCING OPINION

9/26/05

**Sweet, D.J.,**

        Defendant Adel Najjar ("Najjar") has pleaded guilty to conspiracy to convert federal funds in violation of 18 U.S.C. § 371 (a Class D felony) and to theft of federal funds in violation of 18 U.S.C. § 641 (a Class C felony). Najjar will be sentenced to three years of probation, subject to the further conditions set forth herein.

**Prior Proceedings**

        On September 8, 2004, an indictment was filed charging Najjar with one count of conspiracy to convert federal funds in violation of 18 U.S.C. § 371 and one count of theft of federal funds in violation of 18 U.S.C. § 641. An arrest warrant was executed on September 28, 2004, and on that same day, Najjar was arrested for alleged participation in a conspiracy to convert federal funds in violation of 18 U.S.C § 371 and for alleged theft

of federal funds in violation of 18 U.S.C. § 641. He was released on $10,000 personal recognizance bond cosigned by one financially responsible person. On or about December 29, 2004, Najjar and the Government entered into a written, non-binding, plea agreement. On December 29, 2004, Najjar appeared before the Honorable Theodore H. Katz in the Southern District of New York and allocuted to the criminal conduct charged in the indictment. On January 25, 2005, the Honorable Robert W. Sweet accepted Najjar's guilty plea. On February 14, 2005, Najjar wrote to the Court concerning his sentence. Najjar is scheduled to be sentenced on September 26, 2005.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) and the Second Circuit's decision in United States v. Crosby, 2005 WL 240916 (2d Cir. Feb. 2, 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") establishing by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

    (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)   the need for the sentence imposed --

- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

- (B) to afford adequate deterrence to criminal conduct;

- (C) to protect the public from further crimes of the defendant; and

- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 2005 WL 240916, at *7.

**The Defendant**

Najjar was born on July 28, 1971, in Amman, Jordan. she completed school in Jordan at the age of 12 or 13. At that time,

3

his father sent him to reside in the United States with his brother. Najjar came to New York in 1984 on a visa. Unbeknownst to Najjar, his visa expired in 1995 and has not been successfully renewed. He is in the process of applying for resident alien status again.

In 1990, Najjar met Carmen Lourdes Vasquez, who he began dating and later married on July 22, 1995. Ms. Vasquez is 43 years old and works as a bookkeeper for Najjar's newspaper delivery business. She has two children from a previous marriage. In addition, Najjar and Ms. Vasquez have two children together.

Since the age of seventeen, Najjar has been self-contracted with New York Newsday to deliver newspapers to individual customers and stores. In addition, Najjar sometimes does construction work in private houses for additional income.

Najjar and his wife jointly own a house in Queens, New York. Their daughter and son, as well as one of Ms. Vasquez's sons from a prior union, currently reside at this residence.

Najjar does not have a history of alcohol or substance abuse. He has never received or required treatment for alcohol or substance use. Over the past year, Najjar has suffered from intermittent back pain for which he has been prescribed Tylenol 3

(with codeine). With the exception of Tylenol 3, he reportedly has never used any controlled substances.

**The Offense Conduct**

In March 2003, Najjar entered a Housing Assistance Payments Contract for Section 8 tenant-based assistance with the United States Department of Housing and Urban Development to receive Section 8 housing assistance benefits for co-defendant Jessica Lamboy ("Lamboy") to reside at his home. From July 2003 through August 2004, the United States Department of Housing and Urban Development through the New York City Housing Authority in Manhattan, paid Najjar Section 8 housing benefits for Jessica Lamboy to reside in the Section 8 apartment, when Najjar and Lamboy both knew that Lamboy actually resided elsewhere. As a result, Najjar and Lamboy received approximately $9,939 in United States Department of Housing and Urban Development Section 8 housing assistance benefits to which they were not entitled.

**Relevant Statutory Provisions**

The maximum term of imprisonment that may be imposed under Count 1 is five years. See 18 U.S.C. § 371. Under Count 2 the maximum term of imprisonment that may be imposed is ten years. See 18 U.S.C. § 641. If terms of imprisonment are imposed for Counts 1 and 2, terms of supervised release of not more than three years may also be imposed. See 18 U.S.C. § 3583(b)(2). Such terms

of supervised release run concurrently. See 18 U.S.C. § 3624(e).

The defendant is eligible for probation not less than one nor more than five years' probation per count. See 18 U.S.C. § 3561(c)(1). Because the offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. See 18 U.S.C. § 3563(a)(2).

Full restitution to the victim is required under 18 U.S.C. § 3663A and 18 U.S.C. § 3664.

**The Guidelines**

The November 1, 2004 edition of the <u>United States Sentencing Commission Guidelines Manual</u> ("the Guidelines") has been used in this case for calculation purposes, in accordance with Guidelines § 1B1.11(b)(1).

Counts 1 and 2 are grouped together pursuant to § 3D.2(d) because the offense level is determined largely on the basis of the total amount of loss. The guideline for violation of 18 U.S.C. § 641 is found in § 2B1.1(a)(2), which provides for a base offense level of six pursuant to § 2B1.1(a)(2). Because the amount of loss caused by Najjar's actions is $9,939, which exceeds

$5,000 but is less than $10,000, the offense level is increased by two levels, pursuant to § 2B1.1(b)(1)(B).

Based on his plea allocution, Najjar has shown recognition of responsibility for his offense. Therefore his offense level is reduced two levels. See § 3E1.1(a).

The resulting adjusted offense level is six. The defendant has no prior convictions which result in criminal history points. Therefore, he has no criminal history points and a resulting Criminal History Category of I.

Based on a total offense level of six and a Criminal History Category of I, the Guidelines range for imprisonment is zero to six months. The guideline range for a term of supervised release is two to three years. See § 5D1.2(a)(2). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required, but is optional, pursuant to § 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute. See § 5D1.1(a).

Najjar is eligible for probation because the applicable guideline range is in Zone A of the Sentencing Table, pursuant to § 5B1.1(a)(1).

The maximum fine for Counts 1 and 2 is $250,000 per count. See 18 U.S.C. § 3571. A special assessment of $100 per count is mandatory. See 18 U.S.C. § 3013. The fine range for the instant offense is from $500 to $5,000. See § 5E1.2(c)(3)(A) and (c)(4).

Pursuant to § 5E1.1(a)(1), in the case of an identifiable victim, the Court shall enter a restitution order for the full amount of the victim's loss if such order is authorized under 18 U.S.C. § 3663A.

**The Remaining Factors of Section 3553(a)**

Having considered the Guidelines calculations, as set forth above, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a). In particular, pursuant to §§ 3553(a)(1) and 3553(a)(2)(C), it is significant that the instant offense represents Najjar's only criminal conviction since reaching majority, and he appears to pose no threat to the safety of the community.

**The Sentence**

No term of imprisonment and no term of supervised release shall be imposed.

A term of three years of probation shall be imposed. As mandatory conditions of this probation, Najjar shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) refrain from any unlawful use of a controlled substance; (5) submit to one drug testing within fifteen days of placement on probation and at least two unscheduled drug tests thereafter, as directed by the probation officer; and (6) cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are also recommended with the following special conditions: Najjar shall (1) obey the immigration laws and comply with the directives of the immigration authorities; and (2) report to the nearest Probation Office within 72 hours of release from custody.

Najjar shall make restitution of $9,939.00 to the New York City Housing Authority, except that no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injury. Restitution in this amount should be made payable to the Clerk of the Court of the Southern District of New York, 500 Pearl Street, New York, NY, attn.: Cashier's Office, to be disbursed to the New York City Housing Authority, Office of the Inspector General, 250 Broadway, Suite 2800, New York, NY 10007, attn.: Steven Gruberger.

The restitution shall me paid in monthly installments of at least $140 over a period of supervision to commence 30 days after the date of the judgment.

Najjar shall notify the United States Attorney for this district within 30 days of any change of mailing or residenct address that occurs while any portion of the restitution remains unpaid.

Due to Najjar's modest income and inability to pay a fine, the fine in this case is waived.

Najjar is a good candidate for voluntary surrender. he has kept all court appearances and has been in compliance with all terms and conditions of his pretrial release. He is not viewed as a flight risk or a danger to the community.

In addition to the above, Najjar shall pay to the United States a special assessment of $200, which shall be due immediately.

It is so ordered.

New York, NY
September 21, 2005

_____
ROBERT W. SWEET
U.S.D.J.